**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**COURT FILE NO.:**

| | |
|---|---|
| GEORGINA KLAUSHER<br><br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH    FINANCIAL<br>SYSTEMS, INC.<br><br>    Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Georgina Klausher is a natural person who resides in the County of Allegheny, Commonwealth of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commonwealth Financial Systems ("CFS"), is a collection agency from Scranton, Pennsylvania and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.     Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.     The Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

8.     Plaintiff's boyfriend wanted to help and contacted CFS and spoke to a collector named Mark Anthony.  Mark Anthony, an employee of CFS and Plaintiff entered into a payment arrangement on or around June 2007.  CFS agreed to mark the debt paid in full for an amount totaling $4000.  The payment agreement between the parties was that Plaintiff was to pay $750 that week and an additional $750 lump sump payment the week after, and then make $150 monthly payments until the remaining balance was paid in full.  CFS was authorized by Plaintiff to withdraw monthly payments in the amount of $150 from her National City banking account.

9.     Mark Anthony then agreed to send a formal agreement letter in the mail confirming the arrangement to the Plaintiff.

10.    CFS never sent Plaintiff a letter.

11.    Plaintiff and Plaintiff's boyfriend contacted CFS in August 2009 to see why the $150 withdrawals had not stopped and to see if they could get a letter marking the account paid.

12.    CFS stated that Plaintiff still owed a balance of $2500.

13.    CFS took an initial payment of $1500 and monthly payments totaling well over $3000.

14.    In August of 2009, Plaintiff closed her account.

15.     Plaintiff received a letter dated July 7, 2010, stating that the amount now owed was $8,890.32. Even though plaintiff had already paid well over $4500 and believed that this debt would have been paid in full for $4000 from the agreement made between the parties. (Please see exhibit A).

## CAUSES OF ACTION
## COUNT I
## (VIOLATIONS OF THE FDCPA)

16.     Plaintiff incorporates herein by reference each paragraph set forth above.

17.     Plaintiff is a "consumer" who allegedly owed a "debt", and CFS is a debt collector as those terms are defined by 15 U.S.C. §1692a(6).

18.     Plaintiff believed that she had paid off the alleged debt owned by CFS as per the agreement made between the parties on or about August of 2007.

19.     In its collection efforts, Defendant violated the FDCPA, *inter alia* §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

20.     As a result of Defendant's illegal collection activities, Plaintiff suffered actual damages in the form of emotional distress, loss of money from bank account, anger, embarrassment, frustration, fear, worry, anxiety, as well as unjustified and abusive invasions of personal privacy.

21.     Plaintiff is entitled to recover statutory damages in the amount of $1,000, actual damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k.

        WHEREFORE, plaintiff prays for relief as set forth below:

## PRAYER FOR RELIEF

-      Compensatory/Actual Damages;

-      Statutory damages;

-   Reasonable attorney's fees, costs and expenses incurred in the investigation, filing, and prosecution of this action; and

-   For such other and further relief as the Court may deem just and proper.

Date:  July 7, 2011                        Respectfully Submitted:

                                           JEFFREY L. SUHER, P.C.

                        By:        /s/Jeffrey L. Suher
                                   Jeffrey L. Suher, Esquire
                                   Pa. I.D. No.:  74924
                                   4328 Old William Penn Highway, Suite 2J
                                   Monroeville PA 15146
                                   412-374-9005     412-374-0799 (fax)
                                   lawfirm@jeffcanhelp.com